UM

In The United States District Court
The Court For The Northern District of Illinois

Izzie Pickett
Plaintiff
- Vs -
Salvador A. Godinez, Anne Mc Elroy, Joseph Rose, Sharyn Elman, Henry Bayer Michael Newman, Malcolm Weems, Charles Clayton Callaness, Inez Lambert, Ty J. Bates, Nine Allen, Jackie Miller, Sherry Benton, et al.
Defendants

RECEIVED
DEC 06 2012
DEC 06 2012
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

12 C 9721
Judge Elaine E. Bucklo
Magistrate Judge Sheila M. Finnegan

"Plaintiff Verified Complaint For Preliminary And Permanent" - Injunctive Reliefs -

The Plaintiff Complaints Against The Defendants as Follows:

#1). Plaintiff Brings This Law Suit to Protect Himself from Injuries, Death, Increased Substantially lost of Freedoms, And Others Seriously Mentally, Emotionally and Psychologically Harms Due to The Acts of The defendants Stopping the Transferring of the remaining Small amount of the inmates Class-Plaintiff, out of Tamms Correction Center, and the Closing of the Prison Effective August thirty first (2012). By Orders of the Executive Branch of State Government, Chief

<- Continued On Reverse Side ->

Chief Executive Officer, Governor, Pat Quinn, and Their Culpably Recklessly and Maliciously Sadistically Disregards for the Laws Plaintiffs Constitutionally Due Process Rights, and Prohibitions against, Cruel and Unusual Punishments, Deliberately Indifferences Thereto The Threats, Dangers, Injuries and Harms To His Life, Limbs and Safety From and By Their-Defendants Multiple Agents, Employees, And Officers, Whom They Defendants have intentionally signal Plaintiff Out against. For The Due Officially Misconducts for, Torturing, and Abuses, To Deter Him, and Suppressing Him From the Due Exercising Engagments of His Political Beliefs and Activities Supportive Thereof and for Thereto The Governors Decision To Close Tamms Correctional Center Supermaximum Prison, and His Rights to File Law Suits and Grievances, and Challenge his Convictions and Imprisoned Prison Conditions Treatments.

#2). The Defendants, Henry Bayer, Michael Newman, are The, Executive Director, and Associate Director for the (AFSCME) Council #31), American Federations of State, County and Municipal Employees Union Council Thirty One, Is A labor Organization that Represent The State Public Employees With Respects to labor Services they Provide to the State, Counties and Municipal Local Government Department, and Maintains, Direct and Controls the Labor Performances the State Public Employees Provide the State, Counties and Municipal Government and Have No Bind Binding authority Over The State Executive or Legislative Branches of State Governments Due Administrations of It's

Offices Agencies and Departments Responsible To The Governor State Executive Branch of Government and They Both had Knowledge or Should have Known about the Violations of Plaintiffs Civil and Human Rights Occurring at the Prison they are Both Being Sued in their individually, And Officially Capacity, they Reside in Chicago and Maintain Executive Offices in Chicago located at, 205 North Michigan Avenue, Suite #2100 Chicago, Illinois 60601.

#3). The Defendant, Malcolm Weems, is the Executive Director for The (IDOCMS) Illinois department of Central Management Services, A State Public Services Agency Hiring of State Employees, for the State Various Departments, And Agencies and Programs, and Have No Binding Authority Over the States Executive Or Legislative Branches of State Governments Due Administrations Of it's Offices Agencies and Departments Responsible to the Governor, The State Executive Branch of Government, and He had Knowledge, or Should have Known about the Violations of Plaintiff Civil and Human Right Occurring at the Prison. He is Being Sued in Both his Individually and Officially Capacity. He Reside in Chicago, and Maintains Executive Office in Chicago located at 100 West Randolph Street, Fourth Floor, Chicago, Illinois 60601.

#4). The Defendant, Salvador A. Godinez, is the Executive Director for The (IDOC's) Illinois department of Corrections, A Public Used Government Agency, and as Such He is Directly Responsible for the Administrations, And Supervising All The Administrations of the Departments Institutions and Facilities Implementing Rules and Regulations For The Operations Of The

<- Continued On Reverse Side ->

Institutions and Facilities of The department And The Custody, Cares, and Humane treatments and Conditions for All inmates Committed to the Department Institutions and Facilities from The Courts of This State, Adhering to Obeying and Enforcing all State and Federal Laws, And Have No Binding authority over the State Executive and Legislative Branches of State Government's Due Administrations of it's Offices Agencies and Department Responsible to the Governor, State Executive Branches of Government, and He had Knowledge Or Should have Known about the Violations of Plaintiff Civil and Human Rights Occurring at the Prison. He is Being Sued in Both His, Individually and Officially Capacity. He Reside In Chicago and Maintain's Executive Office In Chicago located at 100 West Randolph Street, Suite #4-200. Chicago, Illinois. 60601.

#5). The Defendant, Ty J. Bates, Is The Deputy Director for The (IDOC's). And He has Similar Responsibilities like the Director and He had Knowledge or Should have Known about the Violations of Plaintiff's, Civil and Human Rights, Occurring At The Prison. He is Sued in Both his individually and Officially Capacity. He Reside in Marion, And Maintains Executive Office in Marion located at. 2309 West Main Street, Suite #128. Marion, Illinois 62959

#6). The Defendant, Joseph Rose, Is the Chief Legal Counsel for the (IDOC's). and as Such Is Responsible. All The Department Legal Services Advisory implementations Rule and Regulation for the Department Administration and Operations Compliance with

State Statutory and Federal Laws and Constitutionally Laws, Supervising and Reviewing and Deciding All Transfers Placements. Appeal To The Tamms Correctional Center Supermaximum Prison Obeying and Adhering and Enforcing All Laws State and Federal. and He had Knowledge Or Should Have Known about the Violations of Plaintiff's Civil and Human Rights Occurring at The Prison. He is Sued in Both his individually, And Officially Capacity. He Reside in Chicago, and Maintains Executive Office in Chicago located at 100 West Randolph Street, Suite #4-200 Chicago, Illinois 60601.

#7). Defendants, Gina Allen, Jackie Miller, Sherry Benton, are Administrative Review Boards Officer for the (IDOC's) Illinois department of Corrections, and As Such are Responsible For Overseeing The Administrations Operations Compliance of All The institutions and Facilities [illegible] Established Rules and Regulations of the Department and Reviewing and Protecting All inmates Committed To The Department Rights against [illegible] Arbitrary And Misused Conduct Authority By the Institutions and Facilities Employees Its Programs and Adhering To and Obeying all Laws State and Federal, And have Full Binding Authority Over the State Executive and Legislative Branches of Government, and They had Knowledge Or Should have Known About the Violations of Plaintiff's Civil and Human Rights Occurring at The Prison. They are Being Sued in Both Their Individually and Officially Capacity. The Resid in Springfield and Have Executive Offices In Springfield located at 1301 Concordia Court, Springfield, Illinois. 62794-9277.

<-Continued On Reverse Side->

#8). Defendant, Grez Lambert, As The Chief Administrative Officer of Tamms Correction Center Supermax ~~[illegible]~~ For The (IDOC's) And as Such is Directly Responsible for The Daily Operations Of The Facility Departments and Programs And Supervising The Administrations and The Custody, Care, Human Treatments, And Conditions and Protections of All inmates Confined at The Prison. Obeying, Adhering To and Enforcing All Rules and Regulations of The Department and State Statutory and Federal Laws, and Have No Binding Authority Over the State Executive and Legislative Branches of State Governments Due Administrations of it's Office, Agencies and Departments Responsible To the Governor, State Executive Branches of Government, and He had Knowledge or Should have Known about the Violations of Plaintiffs Civil and Human Rights Occurring at The Prison, He is Being Sued in Both his individually and Officially Capacity. He Reside in Tamms and Maintain Executive Office in Tamms, Located at 8500 Supermax Road, Tamms, Illinois, 62988.

#9). Defendant, Anne McElroy, is The Chief of Labor Relations Officer, For the (IDOC's), and as Such Responsible for Labor Issue, Disputes, Performance, Training of Staff and Humane Treatments of All inmates Committed To The Department Institutions and Facilities By State Employees and Officers Hired By The ~~[illegible]~~ State and Has No Binding Authority Over the Executive Branche and Legislative Branches of State Governments Due Administration of it's Office, Agencies and Department Responsible to the Governor, State Executive Branches of Government,

And She had Knowledge or Should have Known about the Violation of Plaintiffs Civil and Human Rights Occurring at The Prison, She is Sued In her Official Capacity. She Reside in Chicago, and Has Executive Office in Chicago, located at 100 West Randolph Street. -4-200 Chicago, Illinois. 60601.

#10). Defendant, Sharyn Elman, Is The Chief Public information Officer For the (IDOC's) and Is Responsible for the fair and Currently Reporting and Disseminating of Information On The Department Operations Management and Conditions on it's Various Facilities and Institutions Agencies and Programs To The Public, and Have No Binding Authority Over the Executive Branches and Legislative Branch of State Government Due Administrations of it's Offices. And She had Knowledge or Should have Known about The Violation of Plaintiff Civil and Human Rights Occurring at The Prison. She is Sued In Her Official Capacity. She Reside in Chicago, and Executive Office is in Chicago, located at 100 West Randolph Street, Suite 4-200, Chicago, Illinois 60601.

#11). Defendant, Charles Clayton Cavaness, Is an Associate Judge For The First Judicial Circuit Courts Alexander County, and as Such. He is Responsible for Review and Adjudicating Matters of Laws, State, And Federal and Constitutional Law, United State Article Three Section One. And Article Six Section One, Constitution State of Illinois. for Claims and Matters Properly Brought Before The Court With Proper Jurisdictions, And To Protect The Inmate Class Equally Protections Rights of The Law's Due Process Safe Guards Against Arbitrary Acts By State

<-Continued ON Reverse Side->

Employee and Government Constituted Officers. and Had no Binding Authority Over The Executive Branch of State Government Due Exercising Administration of it's Own Office and Agencies and Department Responsible To The Governor State Executive Branch Government, and He had Knowledge or Should of Known About the Violations of Plaintiff Civil and Human Rights Occurring at The Prison. He is Sued In his Official Capacity.

#12). Governor, Pat Quinn, is The Chief Executive for The Executive Branch of Illinois State Government, and As Such, Therefor Charged with The Lawfully Authorities and Duties to Administrator Over the State Public Operations, Institutions, Department, Programs and Agencies, And Balance The State Budget and Cast an Balanced Budget for The State With Veto Powers Over The State Legislative General Assembly Against Bills, Appropriation Approved By The General Assembly Implored Upon Contributing to Dysfunctional Government Operations, And Wastfully Budgetary Spending Resources Managements Vested In The Governor Office By The Constitution for The State of Illinois, Article Five and Fours Section Eight, Eleven and Nine, Constitution (1970).

#13). Plaintiff Is a inmate, Currently helded in the Custody of the (IDOC) Illinois department of Corrections And Confined at The State Supermax Prison, Tamms Correction Center, Since February Six 2008, As A Result of Alleged Parole Violations of His Mandatory Supervised Release Detentions Confinement Custody at The Rushville Detention Center On February First 2012 After Being Confined at The State Supermax

Prison Tamms Correction Center, ~~Septem~~ Since September Eighth (1998). As a Routine Segregation to Segregation Classified transfer inmate, From the Stateville Correction Center. Up until Plaintiffs Mandatory Supervised Release On October Twenty First 2007 from Tamms Correction Center, to the Menard Correction Center, Directly thereafter Into the Detention Custody of Rushville Detention treatment Center on November Thirteenth 2007. Under The Department of Correction (IDOCS) Custodial, And Incorperated Supervisions at all Time. Pertinent to These Foregoing Preceding Violations Of Plaintiffs Constitutionally Civil and Human Rights Been and Are Being Violated systematically By The Defendants Arbitrary, Discriminatorily Maliciously and Sadistically Recklessly Disregard. for The Law and Deliberately Maliciously, Sadistically Indifferences Interference Obstructions of Justice Processing Where Plaintiff's, Life, Limbs, Safety and Freedoms, Are Concerned. Equally Protections of The Laws against the Defendants, By The Defendants and He have no Other Remedies at Law That Exist.

" Exhibits - A. Def's (IDOCS) Memo. Jan 1999, Yolande Johnson, Clinical Service Supervisor, D/M. Notification Tamms Placement Routine Seg-to-Seg. Transfer. & May-14-2008, Placmt At Tamms Info. (IDOC). & Feb-2-08. (IDOC) Dept. Arrest Warrant & Parole Violation Report Notice of Charges. Feb-8-08. & Plantff Stat Il. Habeas Corpus Pet. Pickett-V-Johnson, et al. 11-MR-0032, Cook Co. & Schuyler Co. Apr-27-11, Jul-12-11 & Clerks Dorothy Brown, Elaine Boyd, Corresp. Jul-25-11, Aug-31-11, Sept-13-11, Jul-12-11, Jul-29-11, & Plantff. Stat Il. Habeas Corpus Pet. Pickett-V-Lambert, Sangamon Co. Aug-2-2012."

<-Continued on Reverse Side->

#14). On/about August-1st-2012, Defendants, Bayer, Newman, Godinez, Weem, and Mc Elroy, are Responsible for Labor Performance And Practices it Provide the State (IDOC's) Illinois department of Corrections Institutions and Facilities for the Entire State for all Prison inmates, Plaintiff Confined to it's Numerous, Institutions and Facilities, Had Particularly First hand Knowledge Or Should have about the Conspired, and Suppressing Systematically Maliciously Retaliations Intimidations Harassments Violations of Plaintiff Civil and Human Rights Occurring At the Prison, Tamms Correction Center, By Multiple Defendants, Prison Employees Unlawfully and Unprovokingly Assaults and Batteries Perpetrated Upon his Physical Persons and Daily Food Meals, Essential Punishments, Arbitrary Maliciously Sadistically Retaliatorily Discriminatory Unlawfully Indefinitely Extreme Specialized Isolation Confinement Involuntary Thereupon the Mentally Illed Crisis Care Interventions Wings And Housing Living Units Called Elevated Security Wings Amongst the Jail House Informants, Seriously, to Medium to Moderate Mentally Illed Inmates Class inmates, Twenty Four Hours a Day Seven Days a Week, Three hundred and Sixty Five Days a year Maliciously, Sadistically, Intimidation Confining Plaintiff to His Isolated Cell, Denied all Matters of Media Outlets and Mental/Positive Mental Social Stimulus, Fresh Air, Sun Shin, Exercise, Mental, Medical, Dental and Eye Doctor Care, And Treatments, Daily adequately Personal Hygiene Supplies, Toiletries Materials and Facilities, Maliciously and Sadistically Obstructing and Suppression Interferences to Challenge His Convictions and Prison Conditions, Petition The Government For Redresses of Grievances, and Unlawfully Deprivations of Humane Living Environments Free from Being

Subjected to and Suffering Mentally, Emotionally, Physically and PsyCholegically Anguishes By State Employees Maliciously, Prosecutions and Persecutions Manufacturing, Falsifying and Fabricating False Evidence against Plaintiff along with Their Mentally, Illed Jail House Informants Inmates Class, Whom They (Defendant State Employee Prison Officials) Have Supplanted Such agent Inmates Class Arround Plaintiff On The Specialized Discriminatory Arbitrarily Retaliatorily Extrem Isolation Lilling Wings and Housing Units Called Elevated Security Crisis Intervention Care Wing's, Whom Mutilate themselves, Masturbate to and Expose themselves to Staffs and Plaintiff for Staffs, Psychotropically Medicate Themselves, Instigate, Harass and Falsify Information of Alleged Misconduct and Otherwise Harmful information Malicious False information against Plaintiff for Staffs Prison, Officials State Employees, Defendants, Yell, and Holler, Bang, Kick all Day and Night On Their Cell Doors, Walls, Windows, Vents, Sinks, And Plaintiffs Which Such Environment Construction Designes are Jointly Connected to Each Other, to Prevent Plaintiff from Sleeping, Reading, Writing Concentrating Etc; For Staffs, State Prison Employees Defendants Retaliations Retributions By Them, Multiple State Employees Prison Officials, Guards, Correctional Officer's, Jeff Peterson, Keith Benzfield, Brent Hunsaker, Jamie Sisk, Eugen Simpson, John Jones, John Wolff, Robert Boyd, James Russell, Albert Wehrheim, Michael Bunden, Jeffery Bundam, Robert McCann, Frank Rice, Terry Douglas, Gary VanHoorebeke, Steven Pendleton, Kevin Held, Jared Blessing, Mark Bowers, Zachary Oglesby, Adams Henderson, Benjamin Hains, Daniel Jeffords, Cole Carter, Ethan Ury, Matthew Plummer, Kenneth Hamilton, Terrance Jackson, Curtis Moore, Doug Mason, Kenneth Smith,

<- Continued On Reverse Side ->

Derick Richardson, Timothy Brown, Christoper ~~[illegible]~~ Phemister, Cory Fuqua, Ricky Daughtey, Etc; and Lieutenants, James Watkins, Robert Benefield, Billy Vaughn, David Mitchell, James Starkweather, Brad Shield, Michael Mc Clelland, Jacob Null, Chad Parish, James Studer, Patrick Treakey, Joseph Davis, Jose Delgado, Randy Clark, Anita Ramey, Bradley Hoehner, Martin Montgomery, Brain Watts, Etc. And Majors Daniel Monti, James Smith, Shane Osman, John Branche, and Wardens, Ariz Lambert, Assistant Warden Robin Dillon, And Counselor's, Sally Ramsey, Ricky Ridgley, Craig Jones, Linda Ellis, Karen Elder, Toma Osman, Connie Houston, and Mental Health Social Workers, Cheryl Couch, Michael Ahrens, Wanda Evans, Carol Blackman, Ylana Mason, Kim Baskin, And Law Library Paralegals, Sarah Robertson, Rebecca Adams, Cynitha Johnson, Elain Benefield, And Medical Staffs, Rhonna Medlin, Marilyn Melton, Carole George, Judie Klin, Camile Adams, Etc; And Mail Room Supervisor. Angie Evans. Etc; In retaliation's for Plaintiff Exercising His Constitutionally Rights To File Grievances and Law Suits, Challenge His Convictions, And Prison Conditions and Exercising his Political Beliefs and Activities and Freedom of Speech to Speak Out against Public Corruptions Official MisConduct Activities By State Employees Government Officials and He has No Other Remedy at Law That Exist.

Exhibit-B. Sections One Thru Eleven; Grievance Adm. Remedy Sect #1). Nov-7-12 Ct. Two, Dec-28-09, Apr-10-11, Jul-16-12, Nov-14-12, Nov-29-09, Dec-23-09, Apr-22-11, Sept-25-11, Jan-3-12, Apr-18-12, Mar-22-10, Dec-17-10, Feb-9-12 Ct Two, Oct-28-12, Feb-27-11, May-7-12, Sept-3-12 Ct Two, Sept-20-11, Feb-10-10, Aug-2-11 Ct one, Oct-4-11 Ct one & Two, Mar-14-12, Mar-28-12, Jun-15-11, Jul-31-11, Oct-16-11." Section #2). Nov-13-12 Ct one, Aug-23-11, Aug-1-11 Ct Two, Aug-2-11 Ct Two, Jan-24-12, Apr-25-11 Ct Two, Aug-1-11 Ct one. Nov-15-11, Jul-27-11, Oct-22-12, Nov-3rd & 16th 2011." Section #3). May-15-08, May-4-08, Apr-10-09 Ct Three, Aug-30-11, Sept-18-11 Ct one, Aug-12-12, Feb-6-12 Ct one, Oct-30-12, Oct-2-11, Jun-16-12, Sept-24-12, Ct Two." Section #4) Aug-1-09, May-7-11, Jun-30-11, Jun-26-11, Aug-1st 11. Ct Three. Jan-18-12 Ct one, Sept-25-12, Nov-13-12 Ct Two." Section #5). Nov-7-10, Jul-6-11, Jul-5-09, Ct. Two," Apr-5-10, Jun-15-12, Sept-24-11, Feb-9-12 Ct. one Oct-15-12, Jan-2-11, Feb-2-11, Sept-23-11 Mar-15-11, Jan-18-12 Ct Two": Section: #6). Nov-7-12 Ct one, Feb-15-12 Ct Two. Jan-18-12 Ct Three, May-3-11, Jun-14-12, Sept-3-12 Ct one, Nov-5-11, Dec-30-11, Jan-2-10, Jan-26-12, Sept-23-12, Apr-25-11, Section #7) Nov-25-10, May-21-08, Apr-10-09 Ct one & Two, Jul-11-11, Jan-15-12, Sept-21-12;" Section #8). Feb-15-12. Ct one; Jun-17-12, Aug-22-11, Nov-19-10, Dec-4-10, Oct-14-12," Section #9). Sept-18-11, Ct Two, Sept-21-11, Jan-19-12, Jan-18-12 Ct Four." Section #10). Planty Emergency Appeal Interlocutory Application on The Department (IDOC's) Dir. Godinez, Depty Dir. Bates, T. Allen, J. Rose, S. Elman, Manby Bentley & Warden, A. Lambert, & Asst [redacted] Atty Gen. J. Rupcich, Dated Nov-6-11, Sept-24-12, Sept-26-12, Oct-10-12, Oct-15-12, Oct-30-12, & Jun-17-12, Aug-24-12, Sept-6-12, Sept-12-12, Oct-24-12. & Aug-26-12, Sept-4-12, Jul-9-12, & Jun-9-12, Jul-17-12, Jul-25-12 & Aug-5-12, And Dept Report Nov-21-11, Sept-20-12, Sept-24-12, Oct-10-12, Oct-11-12, Oct-16-12, Oct-22-12 & Mar-8-12, Jun-21-12 & Oct-10-12 & Aug-28-12, & Aug-30-12. Section #11). Planty Civil Complaint Mandamus Dec-14-11, Pickett-V-Godinez, Case No. #12-CH-36877 & Civil Right Complaint For Damage 42 U.S.C. § 1983 § 1985 Jan-6-12, Pickett-V-Johnson, Case No. 12-CV-13 JPG And Planty Criminal Complaint For Arrest Mar-30-10. Pickett-Vs-Ill. Dept Corr. Employee's Complaint, Count one and Two Sangamon Co. Ill.

<- Continued on Reverse Side ->

#15) June-17-2012, Plaintiff Filed Emergency Appeals Interventions Application and Notice With Defendants, Godinez, Allen, Miller, Benton, letting them Know That His, Plaintiff Life, Limbs, Liberties, Freedoms and Properties Was and Are In Dangers of Receiving Physical Harms and Injuries and Others Seriously Irreparable Harms By and From Multiple State Employees for the (IDOC's). Illinois Department of Corrections Listed above in Sections Fourteen, and The Facility (Tamms Correction Center) Top Administrative Official and Officer, Defendant, Gary Lambert was and Are Acting Deliberately Indifferent to The Threats, Dangers and Harms Existing to Plaintiff at The Prison from Multiple Prison Employees and Discriminatorily Ignoring and Disregarding Plaintiff Every Dilligently attempted Avenue Channel Thereby the Prisons Problem, Complaints Incidents Grievances Resolution Procedure and Process and Otherwised Utilized Measures to Ward off the Threats, Dangers, Injuries and Harms that Existed to Plaintiff, Life, Limbs, Liberties, Freedom and Properties. As Are Particularized above in Section Fourteen of This Cause of Action and Only Referred to here to avoid Unnecessary Duplications, Failure to Protect Plaintiff Persons and Substantially Constitutionally Rights Enumerated By The First, Eighth and Fourteenth Amendments United States Constitution and Defendants, Godinez, Allen, Miller and Benton, have Failed to intervene, And Circumvented Their own Rules and Regulations and State Clearly Established Statutorily Law (730 ILCS 5/3-7-4, 3-2-2, 3-7-2, 3-8-8, 3-8-7.). To Protect Plaintiff from State Employees Unlawfully Injuries, Harms, And Dangers, and Returned Plaintiff A Memorandum Report Deliberately Evasive to the issue Being Emergency Appealed Pleaded for interventions Into The Rights to Order Their Subordinates to Adhere to Their (IDOC's) Rule And Regulations Administrations of Disciplines and Grievances *20 Illinois

Administrative Code 504f Section 504-810. 820(A)&(B) 830, 840(A).(B). 850(A).

Notifying Plaintiff to Provide The Warden, Alex Lambert, Chief Administrative Officer, And Grievance Officer, Lomar Osman, Final Reports That Is at Issue and The Issue Thereof Neither Being Forthcoming of Plaintiff's Multiple Filed Attempts Grievances Complaints With Respect To His Prison Conditions and Mistreatments By Multiple Prison Employees at The Facility of The Department Retaliation Thus leaving Plaintiff To Suffer therein the Continuously Cruel, And Unusual Punishment at The Prison By The Multiple Prison Employees Retaliations. (See Exhibit- B. Section Ten at. 7-17-12, 8-24-12, 9-24-12, 10-30-12, 7-2-12, 9-20-12. 9-24-12. 10-10-12, [illegible]- 10-11-12, 10-16th 12.)

#16). On The Occasions of June-14th 2012, and July-2nd 2012, Well Over Six Months and Continuing, Plaintiff Complainted To Defendants, Lambert, Bates, By, Written Application and Orally Face to Face Communications about The Cruel and Unusual Inhumane Punishments Living Conditions Treatments He is Subjected to On a Daily Bases and Suffering at The Prison Discriminatorily Retaliatorily Intimidatingly Harassingly By and From Multiple Prison State Employee-Prison Guards listed above and Their Supervisors, Jeff Peterson, Keith Benefield, Brent Hunsaker, Jamie Sisk, Eugen Simpson, John Jones, John Wolff, Robert Boyd, Jared Blessing, Zachary Oglesby, Curtis Moore, Adam Henderson, Robert McCann, Jeffery Bundren, Michael Bundren, James Russell, Mark Bowers, Frank Rice, Terry Douglas, Lieutenants, James Watkins, Robert Benefield, Billy Vaughn, James Starkweather, Chad Parrish, Brad Shild, Jacob Null, Bradley Hoehner, Michael McClelland, Maxin. Montgomery, Anita Ramsey, Majors, Daniel Monti, James Smith. Shane Osman, John Branche, [illegible] David Mitchell. Etc.

<- Continued on Reverse Side ->

Unlawfully Assaulting and Battering Plaintiffs Physical Persons, and Daily Food Meals Nurishments, and Properties, Everytime Plaintiff leave His Cell assignment to Go on Court writs appointment Or Any Other Mandatory Duty that requires Plaintiff to have to leave his Cell Escorted By These Prison Officials Or Any Other Essentially Activities Plaintiff Attempts and wishes to Engage in. Such as; "Medical, Dental and Eye Care Treatments, Bathing and Grooming Facilities, Law Library Research Facilities Out of Door Yard Fresh Air. ReCreations, Or Exercise Facilities, Or One of Hour A Day out of Cell yard - Recreation Facilities, Etc; And Otherwise Having His Daily Food Meals Nurishments Assaulted, Tainted, Contaminated at His Cell assignment Filling Area By Said Prison Employees, Everytime they handle and Deliver the Foods Meals to Plaintiff Cell, and Housing Unit, and Otherwise Deny and Deprive Plaintiff His Food Trays Meals Daily. Essential Nutritionally Nurishments By The Said Prison Offices Employees and The Defendants, Lambert, Bates. have taken Arbitrarily Deliberatly Indifferently Retaliatory Reckless Disregard Thereto The Protections Of Plaintiffs Rights and Persons Complainted Herein above To Them about Their Subordinate Employee Staffs wayward Maliciously Sadistically Retaliations Intimidations MisConduct and Abuses Treatments Inflicted Upon Plaintiff and Done Nothing to Prevent, Stop and Restrain The Unlawfully Acts of MisConduct Plaintiff Suffer By Their; Defendant Multiple Prison Staff against Plaintiff Physical Person, and Properties. Brutalities and told Plaintiff to file a Grievance that they Defendant, Lambert and Bates. Prison Official and Their Administration Could and Would Not acknowledge about The Unlawfully Inhuman Torturing Pains and Suffering Mistreatments Conducts Abuses Plaintiff Faces and

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

B-2/3

"Exhibit-B" #7 -8-of-8-

| Date: September-21st-2012 | Offender: (Please Print) Mr. Ozzie Richetts | ID#: N#50240 |
|---|---|---|
| Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:** "Sent to Ms. Tama Osman, on Sept-26-2012"

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Retaliation

☒ Disciplinary Report: Aug-3-12, Sept-3-12" (Date of Report) Conspiracy Cover-up Staff, MisConduct (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if **EMERGENCY** grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Be advised On August-3rd 2012, Grievant was written A Falsified Disciplinary Report Prepared By Reporting Employee Lieutenant, Mason Montgomery, Alleging Prison Rules Violation Charge 308-Contraband or Unauthorized Property, and 403-Disobeying A Direct Order, and Dated Said as the Date of The Alleged Incident Occurrence. "Exhibit-One. D/R. 8-3-12".

Notably On September-3rd 2012, Grievant was Written Another Falsified Disciplinary Report Prepared By C/O John Jones, Alleging Prison Rules Violation 206-Intimidation Or Threats, and 304-Insolence, And Dated Said Date As The Date of The Alleged Incident Occurrence. "Exhibit-Two. D/R 9-3-12."

Relief Requested:

Notably On August-10th 2012, The Adjustment Committee Comprised of Lieutenant, David W. Mitchell, Chairman, and Member C/O Angela D. Welch, Found Grievant Guilty of Disciplinary

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature ______ ID# ______ Date / /

(Continue on reverse side if necessary) < Over->

## Counselor's Response (if applicable)

Date Received: / / ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name ______ Counselor's Signature ______ Date of Response / /

## EMERGENCY REVIEW

Date Received: / / Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ______ Date / /

187)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

September-21st-2012, B-2/3

Report August-3rd 2012 Charge Disobeying A Direct Order, and Not Guilty of Charge #308-Contraband or Unauthorized Property, and Recommended Prison Sanction Thereof One Month C'Grade, One Month Commissary Restriction and Fifteen Days Disciplinary Segregation that was Approved By Chief Administrative Officer, Greg Lambert, on August-23rd 2012.
"Exhibit-Three, Adj. Committee Final Judgment Report Aug-10th-2012."

Notably Fact on August-5th 2012, Grievant Mail to the adjustment Committee his written Request for witnesses in relation to Disciplinary Report Prepared By Lt. Montgomery, Witnesses, Major James Smith, and C/O James Russell, whom Could testify that the Contraband or Unauthorized Property, "Medicain Rack" was locked inside Grievant Passage Box on the Cell Doors, and That Grievant had No Control over Opening or Closing and Had no Access to the Medicain Rack That the Adjustment Committee Upon the date of the hearing (August Tenth 2012) Claimed that the Committee Never Received Grievant's Request for Witnesses Application (Aug-5th/12), and taken Another Copy thereof Grievant's Witness Request from Grievant at the Hearing at This time and Construed/Use it to Be Grievant Writtened Defensive Statement Of Facts in Opposition to the Charge (See Exhibit-#3). And Denied Grievant's Request For witness and Request for A Continuous to Prepare his Defense, there after taking Another Copy of Grievant's Request for witnesses and Left Grievant Cell Making and Giving Grievant the impression or Leading Grievant to Believe he was Given A Continuous and His witnesses Would Be Contacted and Interviewed, Thereafter Grievant Would Be ~~[illegible]~~ Properly Prepared to Prepare his Defense Against the Alleged Prison Rule Violations Charges Provided with the witness/investigated information By the Adjustment Committee investigates that tend to Show Grievant Did Not Commit the Alleged Prison Rule infractions, in accordance with departmental Rule Disciplinary Procedure 504A Sections 504-80, (C). (E). F(2). (G). & (H)." See Dep't Rule Regs at #10, #11, & #12 Adjustment Committee Hearing Procedure!" Thus this Committee Failure to follow, thereby Violated Grievant's All applicable "#20 Ill. Adm. Code 504A." "Due Process Right, And State Statutory Laws [730 ILCS 5/3-8-7] et. seq. "Denying Grievant his Right to Call Witnesses, and to Prepare A Defense against The Alleged Prison Rules Infractions" "Substantially Due Process Right of The Unified Code of Corrections Deems The Proceed Proceeding Must/Shall Be Dismissed.

Notably Fact ON, September-3rd 2012, Grievant was Served with A Copy of Disciplinary Report Prepared By C/O John Jones, Alleging The 200 and 300 Series of Prison Rules infraction Charges "Major Prison Offenses Violations" Alleging was Committed By Grievant without No Hearing investigators Reviewing of The Disciplinary Report and Signed Signature Thereon the Disciplinary Report Major Infractions Attesting thereto hearing Investigators Reviews and Determination into the Alleged Offense Allegations Meeting the Definition of the Charges, and the Reviewing of Witnesses & Grievant to Determine Evidence Of Am Offense Actually Occurred Based ON The Allegations By Reporting Staff Prior too Making A Decision Whether or Not Should The Disciplinary

"2-of-4"

(4755)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

B-2/3

| Date: Sept-21st 2012, | Offender: (Please Print) Mr. Pickett | ID#: N#50240 |
|---|---|---|
| Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Retaliation
- ☒ Disciplinary Report: 8/3/12, 9/3/12 (Date of Report) ______ (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if **EMERGENCY** grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Report Be forwarded onto the Adjustment Committee for hearing on the Charges alleged Rules Violations of the Prison. ⟨See Exhibit-Two⟩ Thus Violated Grievant Due Process Rights of The Department, "20 Ill. Administrative Code 504A, Section 504-60 (A), (B), and (E). "Investigations of Major Disciplinary Report."
Notably On September Eleventh 2012, The Adjustment Committee Comprised of Lieutenant, David Mitchell, Chairman and Sergeant, Frederick J. Madison, Member, Appeared at Grievant Cell, and helded hearing on the Charges and Grievant at this time gave this Committee His Writtened Defensive Statement of Facts Denying all the Charges Prison Rules Violations He was alleged to have Committed and Plead not Guilty to All the Alleged Prison Rule Violation and was found Guilty By this Adjustment Committee Solely on The Bases of The False allegations of The Reporting Employee Prison Guard, John Jones, and ReCommended One Month Prison Sanction Access Grievant Rights and Privileges, "Disciplinary Segregations," "C' Grade," and Commissary, That

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

______ Offender's Signature ______ ID# __/__/__ Date

**(Continue on reverse side if necessary)** ← OVER →

**Counselor's Response (if applicable)**

Date Received: __/__/__ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

______ Print Counselor's Name ______ Counselor's Signature __/__/__ Date of Response

**EMERGENCY REVIEW**

Date Received: __/__/__ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature __/__/__ Date

(89) Distribution: Master File; Offender Page # "3-OF-4" DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

September-21st-2012 B-2/3

Was Approved By C.A.O. Arez Lambert, On September Twentieth 2012."
"Exhibit-Four & File Arellants Defensive Statment Facts Sept-3rd 2012"
— Adjustment Committee Final Judgment Sept-20th-2012 —

Notably Arellant Contends that the Proceeding helded By the Adjustment Committee On September-11th 2012, Violated his Departmental Rules Rights of Due Process, #20, Ill. Administrative Code (504A) Section 504-80©, F-①.Ⓖ, J-①.Ⓓ. And Section 504-70Ⓐ.①Ⓐ.Ⓑ. Which Provides That "The inmate Shall Be Informed Before or At the hearing informations that would Tend to Show That the inmate did not Committed the Alleged Rule infraction" "The inmate Rights to Make and Produce any Relevant Documents on Statement in his Defense" "The Rights too Have The Committee too Consider all Materials Presented that is Relevant too the issue of whether or Not the Inmate Committed the Offens" And "The inmate Rights that the Adjustment Committee Decising the offense Whether or Not the inmate Committed the Offens Based upon All Relevant Information & Evidence that the Committee Shall Have Some Evidence for The Bases of Decision to Support A Finding of Guilty against an inmate Arellant." Notably There is No Evidence in the Bases of The Committee Decision to Support A Guilty Finding Against Arellant where the Committee Relied Solely on the Allegations of The Reporting Prison Guard Claims that Arellant Said these things to him, where in Contrast Arellant Submitted Tangible Evidence in his Written Defensive Statement to the Committee Showing that the Reporting Employee was Acting and Motivated out of Retaliations & Conspiracy with his Co-Workers to File False Charges against Arellant And Harass Arellant In Retaliations for Arellant Filing Grievance Complaints Against the Reporting Prison Guard in the Recently Past and Present Relevant Material Matter the Adjustment Committee Shall Consider in Making A Decision on Whether Or Not a inmate Arellant Committed an Alleged Prison Rule Violation, Section 504-80.Ⓖ f-①. <See Exhibit-Four> And For These Reasons, Violations of Arellants Substantial Due Process Rights Under The Statute [730 ILCS 5/3-8-7] Disciplinary Procedures Unified Code of Corrections & Applicable Departmental Rules [504A Section [504-80 & 70] Adjustment Committee Procedures Deems These Proceeding Shall Be Dismissed Against Arellant.

"Relief - Requested"

#1). Immediately Ordering All Disciplinary Sanctions Actions Imposed Against Arellant By The Adjustment Committee on August Tenth 2012, & September Eleventh 2012, Be Reversed and Vacated against Arellant and Arellant Be Fully Restored His Rights And Privileges.

#2). Immediately Ordering Adjustment Committee Chairman, David W. Mitchell Be Removed From The Adjustment Committee.

#3). Immediately Ordering Arellant Two Million Dollars Damages Compensations Against C/O Jeff Peterson, John Jones, Lieutenant, Maxine Montgomery, David W. Mitchell, And Majors James Smith, Shan Osman, Compensation Awards for Their Conspiracy Together To Violate Arellants Rights.

CC: Salvador A. Godinez, Dir (IDOC's).

"4-of-4"

#190

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Count One of Two

"Exhibit-B" (A8) "1-Thru-6"

| Date: February 15-2012 | Offender: (Please Print) Mr. Ozzie Pickett | ID#: N #50240 |
|---|---|---|
| Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:** Sent to Counselor, Linda Ellis, On, March-18-2012-

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Retaliation

☐ Disciplinary Report: ___/___/___ Date of Report — Two of Two — Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Be advised On "February-5th & 8th 2012" Grievant Filed Two Separately Notices With This Chief Administrative Officers, Greg Lambert, Office Requesting This Chief Administrative Officers Intervention Into Staffs Misconducts Confiscating Grievant Personal Mail's Properties Magazines Publications upon His Returns To This Facility From His Court Writ That This C.A.O. Greg Lambert, Have Failed To Intervene On The Matter and Protect Grievant Rights To Possess Publications Magazines To This Date February Fifteenth 2012 Of This Incident Date And Time Grievant Contends Violates and Are Violating His Rights Under Departmental Rule Part 535 Personal Properties And State Statutory Law's 730 ILCS 5/3-7-4 And Grievant Initiates This Formed Emergency Grievance On Those Bases Protections of Personal Properties, Mail's Publications.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

"Notably Grievant Received Counsel Linda Ellis, April-2nd-2012, Report On May-16-2012, After His Return To Facility From Grievant Court Writ, Sent To <Over-7

Offender's Signature — ID# — Date

(Continue on reverse side if necessary)

A/O, Tima Osman, On June-6th 2012.

**Counselor's Response (if applicable)**

Date Received: 3/19/12 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

In response to Offender Pickett's allegations Lt. Etheridge. provided the following statement, in part, "This R/Lt. did not confiscate any magazine from Offender Pickett. This R/Lt. is not in possession of any property belonging to Offender Pickett."

| L. Ellis | [signature] | 4/2/12 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

Notably Grievant Sent To

**EMERGENCY REVIEW**

Date Received: Counselor, Linda Ellis, On February-26-2012, For Processing At Counselor Level After Never Receiving Back C.A.O. Response Of This Grievance Attempts Emergency Processed On February-15th 2012.

Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature — Date ___/___/___

Distribution: Master File; Offender #162)

DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

February-15-2012 2-Count One of Two-7 f-1-10

"Reliefs - Requested"

#1) Ordering Immediately Lieutenant Antia Etheridge To Return Grievant His Penthouse February 2012 Edition Publication Magazine Confiscated By Said Lieutenant On February Fifth 2012.

#2). Ordering Immediately Personal Properties Supervisor To Return Grievant's Magazine Publications Black Enterprise October, November And December 2011 Issues And Hip-Hop Weekly Magazine December 2011 Issue Confiscated From Grievant By C/o Keith Benefield, Jamie Watkins, Jeff Peterson, Brent Huncaker, Jamie Sisk And Lieutenant Robert Benefield On December Eighth 2011.

#3) Immediately Ordering All Prison Security Personnel To Cease Retaliations Of Grievant's Rights To Receive Mails In First Publications And Properties And Publications Magazines Properties Returns From His Court Writ And Otherwised Properties Like All Others Inmate Class.

CC: S.A. Godinez, Dir (IDOC)

#163)

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

**Grievance Officer's Report**

**Date Received:** June 10, 2012 **Date of Review:** September 9, 2012 **Grievance #** (optional): tm 12-06-042

**Offender:** Ozzie Pickett **ID#:** N50240

**Nature of Grievance:** Personal Property - Offender grieves his request for a watch as a religious items was not properly addressed.

**Facts Reviewed:** Offender's grievance, DR 504, OTS, and counselor's response.

DR 504 requires an offender to file a grievance within a 60 day timeframe from the date of the alleged incident. OTS was carefully reviewed to determine if the offender was able to submit the grievances within the time period required due to an extended writ to Pontiac. The offender indicates the incident occurred on and before 2/14/12. He did not submit his grievance to the counselor until 3/19/12 and left on writ on 3/20/12. His counselor responded to the grievance on 3/28/12, however, the offender did not return from his writ until 5/14/12. The offender was at the institution until 5/28/12 until he again went on a writ. The offender wrote on his grievance that he received the counselor's response on 5/16/12 "after his return to facility from grievant court writ and sent to GO." This grievance was not received in the Grievance Office until 6/19/12. This grievance was not received in a timely manner from the offender. It should be noted that the grievant was at the institution for 2 weeks and writes he sent the grievance. However, OTS was again reviewed and it was determined the offender did go on writ from 5/28-6/1 and was gone on 6/4. His grievance was not received until 15 days after his return from the 6/4 writ.

**Recommendation:** Based upon a total review of all information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED. The Offender did not submit this grievance to the GO in a timely manner in accordance with DR 504.

Toma Osman [signature]

Print Grievance Officer's Name — Grievance Officer's Signature

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

**Chief Administrative Officer's Response**

RECEIVED

**Date Received:** SEP 10 2012 ☒ I concur ☐ I do not concur ☐ Remand

TAMMS CORR. CENTER WARDEN'S OFFICE

**Comments:** "Notably Grievant Received A Co's Warden Final Report On September-13th-2012, Sent To Adm. Rev. Bd. On September-13th 2012, Notifying The A.R.B. On Appeal That at All Times Relevant To The Processing of This Grievance and All Other Grievances, Grievant Sent To Counselors and Grievance Officers They all was Submitted Timely By Grievant To Prison Staff!"

Greg Lambert [signature] 9/10/2012

Chief Administrative Officer's Signature — Date

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

"Per-Grievance Feb-15-2012, Count Two"

Ozzie Pickett [signature] N50240 September-13th 2012

Offender's Signature — ID# — Date

Printed on Recycled Paper

B-2-10

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

"Exhibit-B" #8
-2-of-6-

| Date: June-17-2012 | Offender: (Please Print) Mr. Ozzie Pickett | ID#: N#50240 |
|---|---|---|
| Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Retaliation
- [ ] Disciplinary Report: ___/___/___ Date of Report ___ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if **EMERGENCY** grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Be advised on May-14th 2012, and June 4th 2012, The Tamms Correction Center Prison Officials Have Continued To Confiscate and Deprive Appellant of His Personal Property and Legal Documents Records, and Deny That The (Tamms Closed Max Prison Officials) Have Taken Appellant Personal Properties and Documents Every Time Appellant Return Back To This Facility (Tamms C-Max) From His Court Writs Retaliations.

Notably On May-14-2012, Appellant Returned To Tamms C-Max Facility From His Court Writ Where He Stayed Absent From The Facility on Said Court Writs Status for Approximately Fifty Six Days from March Twentieth 2012, Until May Fourteenth 2012, At The Pontiac Correction Center, Where Appellant Received Mails, Gifts and Religion Material And Legal

- [ ] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Ozzie
Offender's Signature ___ ID# ___ Date ___/___/___

(Continue on reverse side if necessary) <-Over->

Appellant Received July-30th-2012 Adm. Rev. Bd. Return Via Tamms C-Max A/o Toma Osman Office, Through Regular Mails Deliveries!

JUN 27 2012

**Counselor's Response (if applicable)**

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name ___ Counselor's Signature ___ Date of Response ___/___/___

**EMERGENCY REVIEW**

Date Received: ___/___/___ Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ___ Date ___/___/___

#178)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

June-17th 2012, B-2-10

Materials Inaccordance With Applicable Department Rules Part 525 B. Mail Procedures, Incoming" And Part 525 C. Publications", And Part 535 Personal Property" And Part 425 Chaplancy Services And Religious Practices" Which was taken and Deprived Grievant By Tamms Correction Prison Officials, Lieutenant, Chad Parrish, & Jeff Peterson, & John Wolf, & Killen Held, & Harry Van Hoorebeke, And Major, James Smith, Notably, Reading Books, "For The Love of You," "Body and Soul," "Seduction" "Bitch", "In The Midst of Passion," "In The Presence of My Enemies" "Ten Things To Known About America" Fiction and Non-Fiction Books, Six Newspaper Publications War Cry, One Daily Bread 2012 Edition, Two Picture, One Brown Legal Folder Carrying Case, Numerous Cook County Circuit Court, Court Letters, Court Records Case 11-MR-00032, Etc: One Adult Penthouse Entertainment Publications Magazine, March, 2012, Issue," Upon Grievant Returns To Tamms Correction Center From His Court Writ's On May Fourteenth 2012, The Incident Date and Time, That Todate Grievant Have Still Not Been Provided and Returned These Said Personal Properties and Mail, From The Tamms Prison Official Listed Above Whom Forced To Sign A Personal Property Receipt Notice On May Sixteenth 2012, For Partially Recorded Record Of All of Grievant Personal Property Taken from Him When He Returned To This Facility (Tamms C-Max) On May-14th-2012, For X-Rays, "Exhibit-A. Property Receipt Notice 5-16-12"

Notably On June-4th-2012, Grievant Again Returned To Tamms Correction Center From His Court Writ Stay At The Pontiac Correction Center After Leaving Tamms C-Max Facility on May Twenty Eighth 2012, Where Again Grievant Have Had His Personal Properties And Religious Publication Materials Confiscated and Deprived Him The Returns Thereof By The Tamms Correction Center Prison Official, Discriminator Retaliation, Harassment, Which Occurrs Every time Grievant Go's And Returns From His Court Writ's Inviolations of Administrative Directive 05.03.120. And Departmental Rules, Parts (535), (525 B) (525C), (425), In Retaliations For Grievant Filing Grievances And Law Suit.

"Relief's - Requested"

#1). Immediately Ordering Prison Official, Chad Parrish, Jeff Peterson, John Wolf, Killen Held, Harry Van Hoorebeke, And Major, James Smith, To Return And Provide Grievant With All His Personal Properties Taken and with Helded From Him By Them On May Fourteenth 2012, and June Fourth 2012, Listed Above.

#2). Immediately Ordering All Prison Staff Official of Tamms Correction Center, To Cease All Retaliation And Deprivation Harassment of Grievant Personal Properties Returns From His Court Writ's.

CC: S.A. Godinez, Dir. (IDOC's). Adm. Rev. Bd.

E-1-8

"Exhib-B" (#8) -3-of-6-

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

Date: August-22-2011 | Offender: (Please Print) Mr. Ozzie Pickett | ID#: N#50240

Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max

NATURE OF GRIEVANCE:

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Retaliation
- [ ] Disciplinary Report: __/__/__ (Date of Report) ____ (Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Be advised On August-21st-2011, Approximately Time 10:30 Pm Grievant Discovered Alot And Particular Document Records Of His Personal Properties Missing From His Properties From the Strip out of All his Personal Property And Properties occurring On "August Eighteenth 2011." When Grievant Properties was Restored and Returned To Him On the incident Date, And Time Grievant Discovered That His Daily Journals Records Are Missing from the Dates Starting From June Fourth 2011 Thru July 31st Thirty First 2011: And All Grievants Crib Sheets And Study Records And Information Legal Study Support Sheet Records. And Grievance Complaint Record Dates

- [x] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Ozzie Pickett (Offender's Signature) N#50240 (ID#) 8,22,2011 (Date)

Notably Grievant Received Counselor Rick Ridgley Response On, October-5-2011, (Continue on reverse side if necessary) < Over >

Sent To A/o Tonna Oelman, On, October 16-2011

## Counselor's Response (if applicable)

Date Received: 9 / 7 / 11

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Notably Grievant October-5-2011 Rebuttal Response To

Response: Counselor Ridgley, Subversive Response/Report To This Grievance That

A check of Personal Property, minor contraband log, shows nothing for Offender Pickett N50240 was confiscated on 8/21/11.

The taking Of Grievant Personal Properties By Staffs Occurred On August Eighteenth 2011. When Grievant was Stripped out That is the Clear Operative Date of The Incident Grievant Properties was Deprived And Destroyed By Staffs Grievant Only Learn of The Deprivation When He Restored His Property

Rick Ridgley (Print Counselor's Name) [signature] (Counselor's Signature) 10 / 05 / 11 (Date of Response)

Notably RECEIVED

## EMERGENCY REVIEW

Privileges!

Date Received: AUG 2 3 2011

Grievant Received Warden Johnson, Response On, August 26th 2011

TAMMS CORR. CENTER WARDEN'S OFFICE

Sent To Counselor, Rick Ridgley, Already On, August-24th 2011"

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

[signature] (Chief Administrative Officer's Signature) 8,24,11 (Date)

#177

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

August -22-2011. E-1-8.

August First 2011 Count One of Three" Mail Grievant has Just Recieve On August Eightieth 2011 Counselor Rick Bradley Processing Response Thereof Prior To Grievant Being Being Stripped Out of All His Personal Properties & Properties By Prison Officials Instigators, Lieutenant, Patrick Trokey, & Jeff Peterson, Zachary Oglesby, Majors Bryan Kuehs, And John Branche, And Grievant Eye Glasses Lenses Being Scratched Up Damaged Maliciously And Sadistically By Staff & Removing All Grievant Personal Properties And Properties From the Cell, & Jeff Petersen, Timothy Brown, Charles Rolfe, Jared Staple, Ethan Urey, Causing Grievant To Suffer Pain Strain Irritation To His Eyes and Impairment of His Visual Retaliation and Other Seriously Irreparable Harms. In retaliation for Grievant filing Grievances and Law Suits. That Due To The Seriously Life and Death Matter Imminently Personal Physical Injuries and Other Seriously Mentally Emotionally Irreparable Harms That Exist To Grievant Persons and Properties Deem This Emergency Grievance Shall Be handled On A Emergency Basis In accordance With Department Rules. Imminently Personal Physical injuries And Other Seriously Irreparable Harms. 504F. Existing To The Inmates.

"Relief Requested"

#1) Immediately Ordering Majors Bryan Kuehs, John Branche, And Lieutenant, Patrick Trokey, & Jeff Petersen & Zachary Oglesby, & Sergeant Jacob Dent, Return All Grievant's Missing Personal Properties Daily Journal Record, From June Fourth 2011 Thru July Thirty First 2011. All Dub Sheets Legal Records And Information Legal Assistant Support Groups And Zines Pages Addresses Sheets. And Grievance Complaint August First 2011 Count One.

#2). Immediately Ordering & Petersen & Oglesby, Hamilton, Blessing All Be Kept Away From Grievant and Work On The Housing Unit Grievant is Assigned at All Times

#3). Immediately Ordering Grievant Be Provide with New Repaired Eye Glasses And Provide With Emergency Medical Treatment Eye Care.

#4). Immediately Ordering Grievant Be take off Elevated Security Status Classification & Face Mask Hood.

cc: S. A. Godinez. Dir. (IDOC's)

"Exhib-B" (#8) "5-of-6"

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

B-[illegible]1213

| Date: December-4-2010 | Offender: (Please Print) Mr. Ozzie Pickett | ID#: N#50240 |
|---|---|---|
| Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Discrimination
- ☐ Disciplinary Report: ___/___/___ (Date of Report) Denial To Receive Media Publication/Books (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I Grievant am initiating this Grievance Complaint Pursuant To Department Rule 525(C) Publication Section 525-210(C) Notably Grievant Contends That He has Subscribed to the Urbana Champaign Independent Media Center For Free Books and Magazine To Prisoner Project On Numerous Occassions Notably Dates March-28-2010, September-26-2010, Just To date A few, Which Such Media Center Requires A Three Month Waiting Period For Prisoners For Each Request That Due to Grievant Filing Grievances and Law Suits The Prison Officials Are Therefor Retaliating and Discriminating Against Grievant And Denying Grievant To Receive Books, Magazines, News Papers [redacted]: Publications, In Retaliation For Grievant Filing Grievances On The Prison Officials Here at Tamms Closed Maximum Facility, Such As The Mail Room Officials And Supervisors, Shiela Clark.

☐ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

______________________ Offender's Signature ______ ID# ___/___/___ Date

**(Continue on reverse side if necessary)** <- OVER ->

**Counselor's Response (if applicable)**

**Date Received:** ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

______________________ Print Counselor's Name ______________________ Counselor's Signature ___/___/___ Date of Response

**EMERGENCY REVIEW**

**Date Received:** ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______________________ Chief Administrative Officer's Signature ___/___/___ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

December-4th 2010. B-213

And Personal Property Officials And Supervisors Lieutenant, D. Christopher, Etc;

Notably Further Grievant States That He have Been Along Time Subscriber To The Urbana Champaign Independent Media Center Books to Prisoners Project, and Have Received Book, Publication In The Past as Frequently As The Waiting Period Allows. Notably Grievant Last Media Books and Publication Material Coming From Urbana Books To Prisoners Project On January-31st 2010, Thereafter Grievant Placing His October Twenty Six 2009, Media Publication Books Request To Urbana Book to Prisoners Project and Others, "See Exhibits -A. Inmates Personal Property Receipt Notice Urbana Champaign Books To Prisoners Receipts Dated, Jan-25th 10 & U.C. Books To Prisoners inmates Mailing Sheet Jan-31st 10, July-2-09, And Inmates Postage Request For Postage Payments Receipts Amherst, Mo, Notably Dates April-14-09, Oct-26-09, Sept-26-10, March-28-2010".

Notably Grievant Contends That Due his Filing Grievances and Law Suits He is Being Discriminated Against and Retaliated Against By the Prison Officials Mail Room Staffs, Personal Properties Staffs, And Security Staffs Denying and Depriving Him, His Rights to Receive Media Publication Materials Mails and Mails As A Due Deliberately Obstructing and Sadistically Suppressing Maliciously Punishments, In Retaliation For ~~[illegible]~~ The Due Exercising of His Rights Constitutionally Rights.

"Relief Requested"

#1) Immediately Ordering Mail Room Officials & Supervisor Sheila Clark, To Provide Grievant with All His Mails and Media Mails Publications Past, Present and Future That Are Currently Still Being With helded From Grievant By The Mail Room Officials and All Prison Officials Unknown to Grievant Acting "In Concerts" With Them And Order The Mail Room Officials & Supervisor To Protect Grievant Rights to Send and Receive His Mails and Media Publications Mails.

#2) Immediately Ordering Personal Property Officials And Supervisor Lieutenant, D. Christopher, To Provide Grievant with All His Mails & Media Publication Mails Currently Still Be Helded And Withhelded From Grievant By Personal Property Official, Past, Present and Future and Any and All Prison Official Acting "In Concert" with Them To Delay, Deny and Deprive Grievant of His Mails and Media Publications Mails Properties.

#3) Immediately Order Warden Yolande Johnson Assistant Wardens Greg Lambert, Reuben Dillon, To Order Law Library Paralegal Sarah Roberson & Lieutenant Eric Plott, To Return The Original Process Of This Grievance Complaint And Relatives Documentary Materials & Others.

CC: Gladyse C. Taylor, Dir (IDOC's) Adm. Rev. Bd.



EXHIBIT - C#3
Illinois
Department of
Corrections

**Pat Quinn**
Governor

**Gladyse C. Taylor**
Director

**Tamms Correctional Center**
**8500 Supermax Road**
**Tamms, IL 62988**

**Telephone: (618) 747-2042**
**TDD: (800) 526-0844**

"Notably Appellant Received Counselor Memo Response On February-8-2011 Returned Grievances Nov-19th 2010 & Dec-4th 2010. Unprocessed" Attached with This Memorandum Report February File 2011."

## MEMORANDUM

Date: 2/5/11

To: Pickett, N50240 B-2-3

From: Theresa Casteel CCII

Subject: Grievance: duplicates.
Dated: 11/19/2010
12/4/2010

The attached grievance is being returned for the reason(s) listed below:

☐ Issue needs to be discussed with your counselor for possible resolution per DR 504.

☐ Use proper Committed Person's Grievance Report Form (DOC 0046).

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Issue is currently being reviewed by the Grievance Officer. No justification for further action.

☐ Not submitted in a timely manner as outlined in DR 504; therefore, issue will not be addressed further.

☐ Unable to determine the specific nature of grievance. Rewrite stating the specific issue of your grievance and return to your counselor.

☐ Illegible copy submitted – submit legible copy for consideration.

☐ Issues were addressed in No justification for further consideration.

☐ Your grievance contains language that is inappropriate. Remove all profanity and insolent remarks.

X Other: Follow counselor's instructions. Grievances dated 12/4/2010 and 11/19/10 has already been addressed and sent back to you.

Cc: File

"Exhibit-B" (#9) 1-Thru-4" 11-10-038 "Count Two of Two" E-1-8

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: September-18-2011 | Offender: (Please Print) Mr. Ozzie Pickett | ID#: N#50240 |
|---|---|---|
| Present Facility: Tamms C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:** Sent To Warden Johnson, on September-18-2011"

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Harassment
- ☐ Disciplinary Report: / / Date of Report "Retaliations" Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Be Advised On The above Dated September-18th 2011, Approximately Time 8:20AM Aprellant Was Denied and Deprived Retaliational Harassing Arbitrary His Rights To Twenty Four Hours A Day Seven Days A week Medical Treatment and Access By Nurse Rhonna Medlin, Whom Continue To Act Towards Aprellant Like Aprellant Owes her Something and As a Result have and Are Denying and Depriving Aprellant His Rights to Medical Treatment and Accesses For Seriously Medical Needs. Notably upon The Incident Date and Time Nurse Medlin Came On E-Pod One wing (Sneakingly Thereof) Escorted By C/O John Jones, That upon This Time Aprellant Call To This Nurse That He Wanted Some Tylenols As Aprellant Is Suffering From A Currently Physically Injuries Boil Breakout That This Nurse Continue On Off The wing After Stopping At Inmate B. Daniel, E-1-10 Cell, Asking Said inmate Do He want His

☒ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Ozzie Pickett — Offender's Signature | N#50240 — ID# | Sept-18-2011 — Date

Notably Aprellant Received Counselor, Rick Ridgley, Respons Sent To (Continue on reverse side if necessary) ← OVER-7

---

A/W Toma Osman, On, **Counselor's Response (if applicable)** October-25-2011"

Date Received: 9 / 28 / 11

☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

In response to Offender Pickett's grievance dated 9/18/11. Nigel Vinyard, HCUA, made the following statement; "The offender did have an as needed order for Tylenol in the medical file however there is no indication that the offender requested the Tylenol on the date indicated.
Offender Pickett does have 24 hours per day, seven days per week access to healthcare however that does not mean on demand nursing services. The offenders are scheduled for sick call upon request. Only emergency situations require immediate attention."

Rick Ridgley — Print Counselor's Name | [signature] — Counselor's Signature | 10 / 06 / 11 — Date of Response

---

Notably Aprellant Received **EMERGENCY REVIEW** September-26th 2011, Sent To

Date Received: SEP 21 2011 Wardens Johnson Respons On. (RECEIVED TAMMS CORR. CENTER WARDEN'S OFFICE)

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Counselor, Rick Ridgley on, September-28th 2011."

[signature] — Chief Administrative Officer's Signature | 9 / 21 / 11 — Date

9/23/11

Distribution: Master File; Offender

DOC 0046 (Rev. 3/2005)

(39)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

September-18th 2011 — Count Two of Two — B-1-8

Crushed Up Medication Which This Nurse Medlin, Than Proceeded To Leave The Wing Never Allowing Grievant Access To Medical Treatment Nor Providing Grievant With Medical Treatment. Harassment Retaliations.

"Reliefs - Requested"

#1). Immediately Ordering Grievant Medical Treatment For Break Out Infections.

#2). Immediately Ordering Nurse Rhonna Medlin, Restrainted From Working The Housing Unit Grievant Is Assigned And Suspended For Thirty Days Without Pay.

CC: S. A. Godinez Dir (IDOC's)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

E-1-8

| Date: July-11-2011 | Offender: (Please Print) Mr. Pickett | ID#: N# 50240 |
|---|---|---|
| Present Facility: Tamms-C-Max | Facility where grievance issue occurred: Tamms C-Max | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ Disability
- ☒ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Other (specify): Retaliation
- ☒ Disciplinary Report: "4-22-11, 5-17-11, 5-17-11, 5-19-2011" Date of Report — Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if **EMERGENCY** grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** May Nineteenth 2011, Heard Before Adjustment Committee Chairman Lieutenant, David Mitchell, All Be Dismissed And Expunged From Grievants Records.

#2). Immediately Ordering Adjustment Committee Chairman, Lieutenant, David Mitchell, Removed From The Adjustment Committee.

#3). Immediately Ordering Grievant Moved Off Elevated Security Housing Unit Status And Face Mask Status.

**Relief Requested:** #4). Immediately Ordering Grievant Transferred To Stateville Correction Center Or Dixon Correction Center Of The Department.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

**RECEIVED**
**AUG - 3 2011**
**OFFICE OF INMATE ISSUES**

Offender's Signature ______ ID# ______ Date / /

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: / /

☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name ______ Counselor's Signature ______ Date of Response / /

**EMERGENCY REVIEW**

"Notably Plainly Received On September First 2011, Returned Report From Adm. Rev. Bd. Via Facility A/W Tome Osman, Office Approx. Time, 3:30 pm

Date Received: / /

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance

☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Delivered By C/O T. Bowen, And Zachary ~~Oglesby~~ Oglesby. "7-of 7"

Chief Administrative Officer's Signature ______ Date / /

CC: Distribution: Master File; Offender S.A. Nedinez. Dir. Page (IDOC's)

DOC 0046 (Rev. 3/2005)



Illinois
Department of
Corrections

EXHIBIT-

Pat Quinn
Governor

S. A. Godinez
Director

Tamms Correctional Center
8500 Supermax Road
Tamms, IL 62988

Telephone: (618) 747-2042
TDD: (800) 526-0844

"Notably Plantiff Recalled on, July-19th 2011," Approx. Time 3:20pm C/O Jared Blessing While Counting The E-Pod Wing One Along With C/O Jackson, New Staff Chinese Dude, Threw This Mail In Plantiff Cell!

## MEMORANDUM

Date: 7/18/11

To: Pickett N50240

From: Toma Osman, GO

Subject: Grievance: Tickets
Dated: 7/11/11

The attached grievance is being returned for the reason(s) listed below:

- ☐ Issue needs to be discussed with your counselor for possible resolution per DR 504.
- ☐ Use proper Committed Person's Grievance Report Form (DOC 0046).
- ☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.
- ☐ Issue is currently being reviewed by the Grievance Officer. No justification for further action.
- ☒ Not submitted in a timely manner as outlined in DR 504; therefore, issue will not be addressed further.
- ☐ Unable to determine the specific nature of grievance. Rewrite stating the specific issue of your grievance and return to your counselor.
- ☐ Illegible copy submitted – submit legible copy for consideration.
- ☐ Issues were addressed in No justification for further consideration.
- ☒ You have filed other grievances during this time period, yet indicate you did not have access to grievance forms. Offender has filed approximately 9 grievances wit the GO during this time period.

"Notably Plantiff Recalled On September First 2011, Returned Adm. Rev. Bd. Report, From Adm. Rev. Bd. Via Faculty A/O Toma Osman, Office. Approximately Time, 3:30pm Delivered By C/O Timothy Bowen And Zachary Oglesby, Retaliation Intimidation Affronts Harassment Interference!!! "Count Two of Two!"

RECEIVED
AUG - 3 2011
OFFICE OF INMATE ISSUES