IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OZZIE PICKETT, # N-50240, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1285-GPM |
| | ) |
| SALVADOR A. GODINEZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion to alter or amend judgment (Doc. 17), filed February 14, 2013, and fiveother motions (Docs. 13, 14, 16, 18, and 19). The motion to alter or amend judgment is directed at this Court's January 24, 2013, Order (Doc. 15) requiring Plaintiff to pay the filing fee for this action in full by February 14, 2013, or face dismissal of this case. Plaintiff argues that this Court should have considered his eligibility to proceed in this action as a pauper under 28 U.S.C. § 1915(a)(1) and (2), and erred by looking beyond those statutory sections to apply the provisions of § 1915(g) (Doc. 17, pp. 6-8). He appears to contend that this action is not subject to dismissal unless it fails to state a meritorious claim as defined in § 1915A, and that the Court erred in applying the "three-strikes" provision of § 1915(g) before conducting the § 1915A merits review.

This Court is well aware of the provisions of § 1915A that direct prompt review of the merits of a prisoner's case, and require dismissal of any claims that are frivolous, malicious, or fail to state a constitutional claim upon which relief may be granted. However, the "three strikes" provision of § 1915(g) is also mandatory, and states that a prisoner shall not "bring a

civil action" as a pauper if he has struck out by having three or more previous cases dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). It stands to reason that if Plaintiff is barred by § 1915(g) from bringing the instant action under the *in forma pauperis* ("IFP") provisions of § 1915, and is unable to pay the filing fee in advance, no merits review under § 1915A will be necessary, because the case cannot proceed further.[1] This outcome is exactly what was intended when Congress enacted the Prison Litigation Reform Act, which was codified in part in these statutory sections. As explained in the challenged Order (Doc. 15), the instant complaint does not indicate that Plaintiff is under any imminent danger of serious physical injury, thus he is not entitled to an exception to the three-strike bar in § 1915(g).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). Upon review of the record, the Court remains persuaded that no mistake of law or fact was made in its evaluation of Plaintiff's complaint, and that the Court was correct to deny Plaintiff's request to proceed without prepayment of the filing fee, pursuant to § 1915(g).

Further, while Plaintiff asserts in his motion that he "is currently suffering under at [sic] the transferee facility by the Defendants" (Doc. 17, p. 8) and "is suffering at Pontiac Correctional Center by the Defendants" (Doc 17, p. 10), these statements are an improper attempt to introduce

---

[1] Had the Court found it necessary to conduct a § 1915A merits review, in all likelihood the 473-page complaint would have been dismissed for failing to adhere to the requirement of Federal Rule of Civil Procedure 8 that it provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts).

new allegations that were not included in the original complaint, which was filed while Plaintiff was still incarcerated in Tamms Correctional Center. Notably, no Pontiac Correctional Center officials are named as Defendants in the instant case. "[A] Rule 59(e) motion is not properly utilized . . . to advance arguments or theories that could and should have been made before the district court rendered a judgment[.]" *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quotation omitted). Likewise, a movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the challenged order. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth,* 487 F.3d at 512). If Plaintiff wishes to challenge the conditions of his current confinement in Pontiac Correctional Center, he must file a new action in the proper venue, naming the responsible officials at that institution.

For these reasons, the motion to alter or amend judgment (Doc. 17) is **DENIED.**

As noted in the Order of January 24, 2013 (Doc. 15), Plaintiff's obligation to pay the filing fee arises upon commencement of the action, and this obligation continues regardless of later developments in the case, including dismissal. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff has failed to pay the $350.00 filing fee by February 14, 2013, as ordered in Doc. 15. Moreover, he asserts in his motion to alter or amend judgment (Doc. 17, p. 10) that he is unable to prepay the costs of prosecuting this action. He has attached his inmate trust fund account statements showing a negative balance on his account (Doc. 17, pp. 27-29). Thus, any further extension of time to pre-pay the filing fee would be futile, and this action shall be dismissed.

Because this case shall be dismissed, the motion for change of venue (Doc. 13) is **DENIED AS MOOT.** Plaintiff's motion for an order on his motions (Doc. 19) is likewise **DENIED AS MOOT.**

Plaintiff's "Request Copy File [sic] Electronic Record Instant Complaint Pleading Captioned Above" (Doc. 14) requests that he be provided with a copy of the entire complaint. Likewise, his "Emergency Motion for Court Order Intervention" (Doc. 16) seeks a file stamped complete copy of the complaint and of the motion for change of venue. Both motions (Docs. 14 and 16) are **DENIED.** The District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee, which is $.50 per page. *See* 28 U.S.C. § 1914(b); §(4) of The Judicial Conference Schedule of Fees. Should Plaintiff wish to order a copy of the complaint in this matter (Doc. 1), the fee shall be $236.50 for 473 pages. The fee for a copy of the 13-page motion for change of venue will be $6.50. The Clerk is **DIRECTED** to mail Plaintiff a copy of the docket sheet in this case.

Under this Court's General Order No. 2012-1 (entered on November 27, 2012), it should not be necessary for Plaintiff to request a copy from the Clerk of any document submitted electronically for filing. When a prisoner submits a document for electronic filing by prison library staff, prison staff will make a free copy of the document for him before mailing the original to the Court (General Order No. 2012-1, p. 2, ¶ 2). When the Notice of Electronic Filing (NEF) is issued by the Court, it shall be printed for the prisoner, along with the first page of any document filed on behalf of the prisoner (General Order No. 2012-1, p. 2-3, ¶ 4).

Plaintiff's motion for status (Doc. 18) is **GRANTED**, in that the status of his case and the disposition of all pending motions is reflected herein.

**Payment of Filing Fee**

The agency having custody of the Plaintiff is directed to remit the $350.00 filing fee from Plaintiff's prison trust fund account if such funds are available. If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance or the

average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $350.00 fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Pontiac Correctional Center upon entry of this Order.

## Disposition

Because Plaintiff has failed to pay the filing fee as ordered, and has presented no reason why this Court's Order of January 24, 2013 (Doc. 15) should be modified, this case is **DISMISSED** without prejudice.  See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  **If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal**.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also accumulate another "strike."

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  March 19, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
